this action as computed by the Clerk.    (4) For such other and further relief as to the Court may seem just and proper."

The defendant P. B. Dillard alleges: "That he is the true, lawful and sole owner of the two mules hereinbefore described, and is entitled to the permanent possession thereof," etc.    And "prays the Court (1) That he be declared the owner and entitled to retain the possession of the two mules hereinbefore referred to, and that any mortgages executed by the defendant William Alston to the plaintiff, in so far as they include the said mules, be declared null and void and of no effect.    (2) That he recover the cost expended by him in this action.    (3) For such other and further relief as he may be entitled to receive."

The issue submitted to the jury and their answer thereto, were as follows: "Is the plaintiff, J. J. Carroll, trading as Mebane Store Co., entitled to the immediate possession of the two mules described in the complaint?    Answer: 'Yes.' "

The plaintiff tendered judgment upon the verdict, which the court refused to sign.    Plaintiff excepted, assigned error and appealed to the Supreme Court.

*Sam Gattis, Jr., and Bonner D. Sawyer for plaintiff.*
*Graham & Eskridge for defendant P. B. Dillard.*

PER CURIAM.    Upon petition and writ of *certiorari* duly ordered the record was amended so as to speak the truth and to strike out the phrase "and by consent of attorneys of plaintiff."    The only exceptions and assignments of error are to the effect that the court refused to sign judgment tendered by plaintiff and signed the judgment shown in the record.

From the verdict of the jury and a careful review of the record, we think the court below should have signed the judgment tendered by plaintiff.    *Winn v. Finch,* 171 N. C., 272 (276) ; C. S., 1241(2).    The cause is remanded that the correct judgment be signed.

Error and remanded.

---

### DISPOSITION OF APPEALS FROM THE SUPREME COURT OF NORTH CAROLINA TO THE SUPREME COURT OF THE UNITED STATES

State v. Lawrence, 213 N. C., 674.    Petition for *certiorari* denied.
*In re* Parker, 214 N. C., 51.    Dismissed for want of jurisdiction.
Bryant v. Carrier, 214 N. C., 174.    Affirmed.